IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAUREL BOUTWELL,

      Plaintiff,

vs.                                                                          No. CIV 07-1103 JB/LFG

SW COMMERCIAL MANAGEMENT, INC.,
d/b/a Foothills Shopping Center, FOOTHILLS OF
ALBUQUERQUE SHOPPING CENTER ASSOCIATES,
COLLIER, HAINES & ASSOCIATES, and SUNWEST
N.O.P., INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants SW Commercial Management, Inc. and Sunwest, N.O.P., Inc.'s First Motion in Limine, filed March 27, 2008 (Doc. 58). The Court held a hearing on June 11, 2009. The primary issues are: (i) whether the Court should exclude witness testimony regarding prior roof leaks or wind damage to the roof of a Big Lots store in Albuquerque, New Mexico; and (ii) whether the Court should exclude electronic-mail transmissions, letters, or other documentation concerning prior roof leaks or prior wind damage to the roof at the same store. Because two of the potential issues in the case are whether the roof collapse was the result of the Defendants' failure to properly repair the roof after an earlier collapse of the roof canopy, and whether the course of dealing between Big Lots and Defendants SW Commercial Management, Inc. and Sunwest, N.O.P., Inc. ("Defendants") was for the Defendants to deal with roof repair and maintenance, the Court will deny the motion.

**FACTUAL BACKGROUND**

This case is a personal-injury lawsuit involving the collapse of the roof at a Big Lots store in Albuquerque, New Mexico where Boutwell worked.  Boutwell alleges that the roof collapsed during a rainstorm and injured her.  See First Amended Complaint for Personal Injuries ¶ 8, at 2, filed February 4, 2008 (Doc. 3).  Boutwell contends it was the Defendants' inadequate roofing repairs following a heavy storm that was one of the causes of the collapse of the Big Lots roof.

The Defendants contend that it was not prior damage from storms that caused the roof collapse, but Big Lots' failure to perform ordinary care and keep obstructions from clogging drainage and water systems.  They also contend that Big Lots bore the duty for this maintenance under its sublease with the Defendants.  Boutwell maintains that the Defendants were responsible for repairing and maintaining the roof, and that the communications the Defendants seek to exclude are evidence of a course of dealing between Big Lots and the Defendants.

**PROCEDURAL BACKGROUND**

The Defendants request that the Court preclude Boutwell from introducing at trial any of the following categories of evidence: (i) witness testimony concerning prior roof leaks or prior wind damages to the roof at the Big Lots store in Albuquerque; and (ii) electronic-mail transmissions concerning prior roof leaks or prior wind damage to the roof at the Bog Lots store.  Defendants SW Commercial Management, Inc. and Sunwest, N.O.P., Inc.  See Memorandum in Support of First Motion in Limine ¶ 1-2, at 1, filed March 27, 2009 (Doc. 59)("MIL").  The Defendants contend that the testimony and evidence "would be irrelevant, confusing, misleading and inadmissable pursuant to Federal Rules of Evidence 401, 402 and 701."  MIL at 2.  They

further contend that the evidence "pre-dates the incident in question," id., and that Boutwell "has failed to establish any similarity between the proposed evidence of minor water leaks and prior wind damage of the roof, and the incident in question, a partial collapse of the roof due to ponding of water," id. at 3.

In Boutwell's response to the first motion in limine, she contends that "one of the causes of the roof collapse in question was the Defendants' failure to properly repair the roof after an earlier collapse of the roof canopy." Response to Defendants' First Motion in Limine, at 1, filed April 27, 2009, (Doc 70)("Response").  Furthermore, Boutwell contends that evidence of prior communications between Big Lots and the Defendants is important to "show that the established course of conduct between the parties made the Defendants responsible for repairing and maintaining the roof in a water right and safe condition." Id. at 1.  Boutwell contends that the Court should deny both requests in the motion in limine.

The Defendants argue in reply that the original claim, which stated "'one of the causes of the roof collapse in question was the Defendants' failure to property repair the roof after and earlier collapse of the roof canopy,' is apparently premised upon language in a report prepared by an expert retained in prior litigation." Reply in Support of Defendants' First Motion in Limine, at 2, filed May, 11 2009, (Doc 74)("Reply").  They further contend that, Boutwell cannot oppose their motion "by relying upon a report prepared by an individual who has not been identified as an expert witness in this matter." Id.  After filing their Reply, the Defendants filed a motion to strike the testimony and report of Michael Walla, the expert mentioned in the Reply.  See Defendants SW Commercial Management, Inc. and Sunwest, N.O.P. Inc.'s Motion to Strike Affidavit and Report of Walla Engineering, and Motion to Strike Affidavit of Plaintiff

Laurel Boutwell, Attached in Support of Plaintiff's Response to Defendants' Motion for Summary Judgment, filed May 11, 2009 (Doc. 72).

At the hearing, the Defendants focused on their argument that Walla should be excluded and that there was therefore no issue in the case about the roof's collapse being the result of flawed construction or repair.  See Transcript of Hearing at 3:23-17:4 (Doherty & Court)(taken June 11, 2009, filed June 30, 2009)(Doc. 88).  The Court informed the parties that it was inclined to find that Walla's report was admissible because it was likely analogous to an admission usable against the Defendants.  See id. at 40:18-41:6 (Court).  After the hearing, the Defendants filed a motion to reconsider the Court's oral inclination about Walla.  See Defendants' Motion to Reconsider this Court's Anticipated Rulings with Respect to Defendants' Motion for Summary Judgment, Motion to Strike and First Motion in Limine, Based Upon Plaintiff's Counsel's Inaccurate Representation to The Court Requesting the Status of Michael Walla, filed June 12, 2009 (Doc. 85).  After a hearing on that motion on July 15, 2009, the Court issued an opinion that, among other things, denied the Defendants' requests to exclude Walla and his report. See Memorandum Opinion and Order at 2, entered August 7, 2009 (Doc. 98)("MOO").

## LAW REGARDING RELEVANCE OF EVIDENCE

The rules of evidence contemplate the admission of relevant evidence, and the exclusion of irrelevant and potentially prejudicial evidence. See Fed.R.Evid. 401, 402, and 403. Under the Federal Rules of Evidence, "[e]vidence which is not relevant is not admissible." Fed.R.Evid. 402.  "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. 401.

## ANALYSIS

The Defendants initially contended that the Court should exclude witness testimony regarding prior roof leaks or wind damage to the roof, and should exclude electronic-mail transmissions, letters, or other documentation concerning the same leaks and damage, because such evidence is not relevant. After Boutwell's response, the Defendants also urged the Court to not admit the expert testimony of Walla concerning prior roof leaks or prior wind damage to the roof at the Big Lots store in Albuquerque because Boutwell did not give timely notice of his testimony pursuant to rule 26 of the Federal Rules of Civil Procedure. The Court disagrees with the Defendants on both points.

Walla's testimony, as well as evidence of e-mails, letters, and other documentation, relate to the roof collapse that occurred at the Big Lots. A trial in this case will involve the cause of a roof collapse and the damages related to the collapse. The Defendants contend that the prior roof leaks and wind damage are not substantially similar to the roof collapse in this incident. Boutwell's theory, however, or one of her potential theories, is not that the earlier collapse is a similar accident in the past, but rather that inadequate repairs after that collapse left the roof in a dangerous state. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence of the prior leaks and wind damage tends to make Boutwell's theory of shoddy repairs in the past more probable, and is thus relevant.

As part of its argument that the earlier leaks and damage are not substantially similar to the collapse here, the Defendants maintain that Boutwell has failed to identify any expert witness on the subjects of construction or roofing. They develop this argument further with their

contention that Walla should not be allowed to testify and that his affidavit should be struck from the record.  The Court has now held, however, that Boutwell may rely on Walla and may use his report.  See MOO at 8-12.  There is no sound reason not to let all evidence about the prior collapse come into evidence.

Additionally, the evidence of communications between Big Lots and the Defendants is relevant not only in determining the cause of the roof's collapse, but is also of value in determining whose duty it was to repair and to maintain the roof.  As the Defendants' motion for summary judgment demonstrates, one of the issues in this case is whether Big Lots or the Defendants was responsible under the sublease for repairing and maintaining the roof.  See Defendants SW Commercial Management, Inc. and Sunwest, N.O.P. Inc.'s Memorandum in Support of Motion for Summary Judgment at 4, filed March 27, 2009 (Doc. 63)(contending that the Defendants are not responsible for roof maintenance).  Boutwell contends that the Defendants had this responsibility and had not delegated it to Big Lots, and as part of her support for this contention Boutwell argues that the course of performance between Big Lots and the Defendants involved the Defendants taking responsibility for repairs.  This argument is potentially valid one.  See MOO at 14 (citing Wheeler Peak, LLC v. L.C.I.2, Inc., 2009 WL 1329115 at *7 (D.N.M.)(Browning, J.) and McNeill v. Rice Engineering and Operating, Inc. ¶ 14, 133 N.M. 804, 808-09, 70 P.3d 794, 798-99 (Ct. App. 2003)).  The evidence of electronic communications, letters, and other documents is relevant to this argument, and so the Court will not exclude this evidence at this time.

**IT IS ORDERED** that Defendant SW Commercial Management, Inc. and Sunwest, N.O.P., Inc.'s First Motion in Limine is denied.

                                                                    _____
UNITED STATES DISTRICT JUDGE

*Counsel*:

James P. Lyle
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

Bruce McDonald
Christian C. Doherty
Law Offices of Bruce S. McDonald
Albuquerque, New Mexico

    *Attorneys for Defendants SW Commercial Management, Inc.*
      *and Sunwest, N.O.P., Inc.*

Ben M. Allen
Jacob A. Garrison
Hatch, Allen & Shepherd
Albuquerque, New Mexico

    *Attorneys for Defendants Collier, Haines and Associates and*
      *Foothills of Albuquerque Shopping Center Associates*